UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOMINIQUE JAMAL TOLBERT,

     Plaintiff,

v.                              Case No. 3:25cv2545-MW-HTC

A.L.O., et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

On January 2, 2026, Plaintiff Dominique Jamal Tolbert, a detainee proceeding *pro se* and *in forma pauperis*, filed an amended civil rights complaint under 42 U.S.C. § 1983, alleging various constitutional claims against two private citizens (one of whom is a minor), the Escambia County Sheriff's Office, and the State of Florida, arising out of his arrest for sexual battery on a minor. After reviewing the complaint, the undersigned concludes it should be dismissed because Tolbert failed to truthfully disclose his litigation history.[1]

---

[1] Even if Tolbert had truthfully disclosed his litigation history, he has failed to state a claim against any of the four named Defendants. Defendants A.L.O. and Brittany Farrar are private citizens, not state actors for purposes of 42 U.S.C. § 1983. *See Sheets v. Woelk*, 2026 WL 67110, at *1 (M.D. Fla. Jan. 8, 2026) ("[T]he bar for transforming a private citizen into a state actor under § 1983 is high[.]"). Defendant Escambia County Sheriff's Office cannot be sued because "Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued." *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013). Finally, Eleventh Amendment immunity bars Tolbert's § 1983 claim against Defendant State of Florida. *See Allen*

This Court's Local Rules require prisoner and *pro se* litigants to use the Court's complaint form when filing a civil rights complaint.  *See* N.D. Fla. Loc. R. 5.7(A).  Section VIII.C of the form required Tolbert to disclose his prior litigation history pertaining to "any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging [his] conviction or relating to the conditions of [his] confinement."  Doc. 6 at 11 (emphasis in original).  The complaint form warns plaintiffs that "***failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***"  Doc. 6 at 9 (emphasis in original).  Moreover, the complaint form advises plaintiffs to "err on the side of caution" if they are uncertain about whether a case should be identified.  *Id.*

Despite signing the complaint under "penalty of perjury, that all of the information … included on or with [the] form, including [his] litigation history, is true and correct," (Doc. 6 at 13), the Court takes judicial notice that Tolbert failed to include at least one habeas case under section C.  *See Tolbert v. Orange Cnty. Jail*, Case No. 6:08-cv-1782, Doc. 7 (M.D. Fla. Nov. 19, 2008) (dismissing Tolbert's habeas petition).[2]

---

*v. Florida*, 458 F. App'x 841, 843 (11th Cir. 2012) ("[T]he Eleventh Amendment bars suits against a state brought by the state's own citizens or citizens of other states.").

[2] The docket from this case lists the same date of birth as the Escambia County Court case for which Tolbert is currently detained.  *Id.*; *see Tolbert v. State of Florida*, Case no. 2025 CF 002442 (Fla. Escambia County Ct.).

Case No. 3:25cv2545-MW-HTC

The Court has the inherent power to dismiss a complaint for failure to disclose even a single case. *See McNair v. Johnson*, 143 F.4th 1301 (11th Cir. 2025) (recognizing court's inherent authority to dismiss an action for failure to truthfully disclose litigation history when requested to do so on complaint form). It also has the inherent power to dismiss based on a failure to comply with orders of the Court, this Court's local rules, or for abusing the judicial process. *Id.* at 1308; *see also* N.D. Fla. Loc. R. 41.1 ("If a party fails to comply with an applicable rule or a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken.").

Thus, an appropriate sanction for Tolbert's failure to truthfully disclose his litigation history is to dismiss this case without prejudice. *See Bratton v. Sec'y Dep't of Corr.*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300/RS/EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the

prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Accordingly, it is RECOMMENDED that:

1.     This case be DISMISSED WITHOUT PREJUDICE under this Court's inherent power for Tolbert's failure to fully disclose his litigation history.

2.     The clerk be directed to close the file.

At Pensacola, Florida, this 20th day of February, 2026.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.